JOURNAL ENTRY and OPINION
{¶ 1} Robert Hart appeals from a judgment of the Lakewood Municipal Court in connection with his breach of contract action against Brad Smith Roofing Co., which had contracted with Hart to perform gutters and facia work but never rendered any performance. Hart had sought to recover his $300 deposit and additional damages of $302, an amount representing the difference between the original contract price and what he had to pay another company to perform the work. The court, however, awarded only the $300 deposit. On appeal, he asserts entitlement to the additional damages of $302. We agree, and therefore modify the judgment of the court to reflect a judgment of $602.
 {¶ 2} The record reflects that Hart entered into a contract with Brad Smith Roofing on October 16, 2000 for the company to install gutters and replace, prime, and paint the facia board on two buildings he owned, for the price of $1,073. Hart then paid $300 as a deposit on the contract. Brad Smith Roofing never commenced performance, and, in April 2001, Hart wrote to the company requesting a schedule of completion and also informing it his intention to seek another bid if it failed to respond. Having received no reply to this letter, Hart subsequently obtained a bid for the gutter work from Broadview Roofing 
Remodeling, Inc., for the price of $1,375. He again wrote to Brad Smith Roofing in June 19, 2001, notifying it of his receipt of that bid and his intention to have Broadview perform the work unless Brad Smith Roofing started performance as contracted, as well as his intention to hold it liable for the differences in the contract prices.
 {¶ 3} Subsequently, Broadview did the gutter work for Hart in October 2001, for which Hart paid $1,375. Hart then commenced the instant action in the Lakewood Municipal Court, seeking damages in the amount of $602. After a hearing, a magistrate filed a report awarding Hart $300 for his deposit only, but denying recovery on the $302 damages claim. Hart filed an objection to the magistrate's report and, after a hearing, the court affirmed the award of $300, and determined that Brad Smith Roofing had no obligation to "indemnify" Hart and that the work performed under the second contract by Broadview included items not in the Brad Smith contract.
 {¶ 4} Hart now appeals, asserting court error in its decision not to award him the additional $302 in damages. His sole assignment of error states:
 {¶ 5} "THE DECISION OF THE LOWER COURT ERRONEOUSLY MISAPPLIES CONTRACT LAW TO A WILLFUL BREACH OF CONTRACT."
 {¶ 6} On appeal, Hart asserts entitlement under Ohio law to the additional $302 he had to pay Broadview to do the gutter work. Brad Smith Roofing has not filed a responsive brief on appeal.
 {¶ 7} The damages Hart seeks to recover on appeal are his expectation interest, defined as his "interest in having the benefit of his bargain by being put in as good a position as he would have been in had the contract been performed." Brads v. First Baptist Church ofGermantown (1993), 89 Ohio App.3d 328, 338-339, citing the Restatement of the Law 2d, Contracts (1981), 102-103, Remedies, Section 344; see, also,Longo Constr. v. ASAP Tech. Servs. (2000), 140 Ohio App.3d 665, 669.
 {¶ 8} To calculate the applicable measure of damages, we consider "the loss in the value to [the non-breaching party] of the other party's performance caused by its failure or deficiency." Restatement of the Law 2d, Contracts (1981), Section 347. "Where the injured party has simply had to pay an additional amount to arrange a substitute transaction [he] can be adequately compensated by damages based on that amount." Restatement, supra, at Section 347, Comment (a).
 {¶ 9} Applying this measure of damages, therefore, Hart is entitled to the amount equal to the difference between what he had bargained for, i.e., a consideration of $1,073 for the gutter and facia work, and what he had to pay, i.e., $1,375, to obtain substitute performance for the same work.
 {¶ 10} Although testimony at trial indicates that Broadview performed some extra work involving soffit, caulking, and sealing — at no extra charge — the record reflects that both contracts specified identical work: Hart's contract with Brad Smith Roofing specified work to be performed as installing gutters and replacing, priming, and painting facia board on the two buildings owned by Hart. This is the same work specified in Broadview's bid for the amount of $1,375: to "remove and replace gutter and facia board on front overhangs on both buildings. Prime and paint facia." Thus the record shows that Hart had bargained for identical work to be performed in these two contracts; the fact that Broadview did some additional work apparently incidental to the specified project is immaterial here, as testimony at trial shows Hart did not bargain for that work and Broadview did it without charging Hart any extra money.
 {¶ 11} Given the foregoing, we conclude the court erred in its failure to award Hart damages measured by his expectation interest in his contract with Brad Smith Roofing. In addition to the $300 deposit, Hart is also entitled to recover the $302 representing the additional amount paid to obtain substitute performance from Broadview following the breach by Brad Smith Roofing.
 {¶ 12} Accordingly, the judgment of the court is modified to a judgment for Hart in the amount of $602 and as modified, is affirmed.
Judgment modified and affirmed as modified.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., CONCURS, FRANK D. CELEBREZZE, JR., J.,CONCURS IN JUDGMENT ONLY.